IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,192-01






EX PARTE JIMMY DON WILLIAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 23709 IN THE 6TH DISTRICT COURT


FROM LAMAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance in a drug free zone and sentenced to twelve years'
imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because he advised
Applicant to decline the State's plea offers and led him to believe that he would receive probation
from the trial court if he pleaded guilty without a plea bargain agreement. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether counsel advised Applicant not to accept the
State's plea bargain offers and if so, the reason for that advice. The trial court shall make findings
as to whether counsel advised Applicant that he would receive probation from the trial court if he
pleaded guilty without a plea bargain agreement. The trial court shall make findings of fact and
conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if
so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September 12, 2012

Do not publish